UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY )<br>As Subrogee of JOHN C. DRISCOLL, III, )<br>    *Plaintiff,* )<br>)<br>v. )<br>)<br>WHIRLPOOL CORPORATION )<br>    *Defendant,* )<br>) | Docket No. 1:17-cv-131 |

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, Amica Mutual Insurance Company as subrogee of John Driscoll III (hereinafter "Amica" or "Plaintiff") is a mutual insurance company authorized to do business in the State of New Hampshire with a principal regional office located at 5 Chenell Drive in Concord, Merrimack County, New Hampshire.

2. Defendant, Whirlpool Corporation (hereinafter "Whirlpool" or "Defendant") is a foreign profit corporation organized and existing under the laws of the State of Delaware, with a principal office located at 1209 Orange Street, Wilmington, Delaware, and a registered agent for service located at Lawyers Incorporating Service, 10 Ferry Street S313, Concord, New Hampshire, and was at all times relevant and all times hereinafter mentioned doing business in the State of New Hampshire.

### JURISDICTION & VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 via 15 U.S.C. §2310(d), the *Magnusson-Moss Warranty Act*, as Plaintiff is seeking damages in excess of $50,000.00.

4. This Court has further jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue in New Hampshire is proper because Plaintiff, Plaintiff's subrogor, and the events which give rise to this action all reside or occurred in New Hampshire.

## GENERAL ALLEGATIONS

6. At all times relevant and all times hereinafter mentioned, John C. Driscoll, III, (hereinafter the "Subrogor") was the owner of a single family home located at 8 Oak St. in Exeter, Rockingham County, New Hampshire (the "Property").

7. At all times relevant and all times hereinafter mentioned, Plaintiff insured the Subrogor and Property pursuant to a homeowner's policy No. 66082820VL.

8. On or before December 1, 2015, the Subrogor purchased a refrigerator that was designed, manufactured, distributed and/or sold by the Defendant.

9. On December 1, 2015, the refrigerator caused a fire started in the Property, leading to significant damage, including the destruction and damage of real and personal property (hereinafter the "Incident").

10. The Incident and the ensuing damages were directly and proximately caused by the negligence and breaches of warranties of the Defendant, its agents, servants and employees.

11. The Incident caused damage and destruction, including the loss of use thereof, to the real and personal property of the Subrogor, all to the financial damage, loss, and detriment of the plaintiff, Amica.

## COUNT I - NEGLIGENCE

12. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 11 above, as if expressly rewritten and set forth herein.

13. The aforesaid Incident and the resulting damages to the Plaintiff were directly and/or proximately caused by the negligence and breaches of duties owed by Defendant, its agents, servants, and employees, including but not limited to the following:

    a. Failing to properly and safely design, manufacture, distribute and/or sell the subject refrigerator;

    b. Placing into the stream of commerce an unreasonably dangerous product;

    c. Failing to warn of the existence of dangerous conditions, i.e. the risk of fire from the subject refrigerator;

    d. Designing, manufacturing, distributing, and/or selling a product which posed a risk of fire during normal use;

    e. Failing to comply with applicable federal, state, and/or local regulations, statutes and/or ordinances regarding manufacturing appliances such as refrigerators; and

    f. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses, together with interest and costs.

## COUNT – VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §2301 *et seq* – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

14. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 13 above, as if expressly rewritten and set forth herein.

15. The subject refrigerator was a "consumer product" as that term is defined by 15 U.S.C. §2301(1).

16. Plaintiff, Amica, standing in the shoes of its subrogor, is a "consumer" as that term is defined by 15 U.S.C. §2301(3), and Plaintiff's subrogor utilized the subject refrigerator for personal and household use and not for resale or commercial purposes.

17. Whirlpool is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. §2301(4) and (5).

18. Whirlpool impliedly warranted the subject refrigerator, and the Plaintiff's subrogor was provided with and/or the beneficiary of those warranties.

19. The subject refrigerator was defective and was sold by Defendant while it was not substantially free of defects.

20. Plaintiff's subrogor relied upon Whirlpool's implied warranties in purchasing and/or operating the subject refrigerator.

21. As a direct and proximate result of Defendant's sale of the defective subject refrigerator, the Incident occurred and Plaintiff suffered damages.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1. Enter a judgment against Defendant declaring that Defendant is legally and financially responsible for the damages that Plaintiff sustained or incurred;

2. Award Plaintiff compensatory damages against the Defendant in an amount equal to the damages he has incurred and suffered;

3. Award Plaintiff costs of suit, including attorneys' and expert witness fees;

4. Award those damages permitted under 15 U.S.C. §2301 *et seq.*

5. Award Plaintiff interest, including, but not limited to, pre-judgment interest; and

6. Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

          Respectfully submitted,
          Plaintiff,
          By its attorney,

DATED: April 5, 2017

          /s/BrettRCorson
          Brett R. Corson, Bar No. 264844
          SLOANE & WALSH, LLP
          15 Constitution Drive Suite 100
          Bedford, NH 03110
          (603) 324-7134
          bcorson@sloanewalsh.com

          *Please direct all mail to:
          Sloane & Walsh, LLP
          3 Center Plaza, 8th Floor
          Boston, MA 02108